UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x
                                                                    :

JULIO C. MORILLO CABREJA, ANA YOLANDA  :
CRUZ, and JONATHAN ROMERO CEVALLOS,  :
*individually and on behalf of persons similarly*  :
*situated*,  :
                                                                     :                    <u>REPORT AND</u>
                                     Plaintiffs,    :            <u>RECOMMENDATION</u>
                                                   :

            -against-                           :        22-CV-1605 (OEM)(MMH)
                                                     :

DISCOUNT BROADWAY INC., d/b/a MAX DEALS,:
DOLLAR JUNCTION, DOLLAR DEALS, and:
MUHAMMAD S. ANDHA,                     :

                                    Defendants.   :
                                                     :
----------------------------------------------------------------- x

**MARCIA M. HENRY**, United States Magistrate Judge:

       Plaintiffs Julio C. Morillo Cabreja, Ana Yolanda Cruz, and Jonathan Romero Cevallos,

individually and on behalf of all other persons similarly situated, bring this action under the

Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA") and New York Labor Law, Art.

6, §§ 1 *et seq*. ("NYLL") against Defendants Discount Broadway Inc., d/b/a Max Deals, Dollar

Junction, Dollar Deals, and Muhammad S. Andha for failure to pay minimum and overtime

wages, failure to pay spread-of-hours pay, and failure to provide the wage notices and wage

statements. (*See generally* Compl., ECF No. 1.)[1]  Cevallos, on behalf of himself, brings

additional claims under the New York State Human Rights Law ("NYSHRL"), the New York

City Human Rights Law ("NYCHRL"), and New York common law against Defendants for

---

[1] All citations to documents filed on ECF are to the ECF document number (i.e., "ECF No. ___")
and pagination "___ of ___" in the ECF header unless otherwise noted.

discrimination on basis of race and national origin, harassment, hostile work environment, assault and battery. (*Id.* ¶ 4.)  Before the Court is Defendants' motion to dismiss Cevallos's claims for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).  (ECF No. 36.)  The Honorable Orelia E. Merchant referred the motion for report and recommendation. For the reasons states below, the Court respectfully recommends that Defendants' motion to dismiss should be **granted**.

## I.    BACKGROUND

Plaintiffs commenced this action in March 2022 and served summonses on all Defendants in April 2022 (ECF Nos. 9–12.)  Plaintiffs were represented by Lipsky Lowe LLP. (*See generally* Compl., ECF No. 1.)   On June 27, 2022, after requesting and receiving extensions, Defendants filed an answer and a counterclaim against Cevallos.  (ECF No. 17.) Cevallos answered the counterclaim on July 18, 2022.  (ECF No. 18.)  On August 4, 2022, the Court issued an FLSA scheduling order (1) directing the parties to exchange limited discovery and engage in settlement discussions and (2) setting a deadline for a joint status report regarding same.  (ECF No. 19.)  After missing the first deadline to file a status report, the parties requested multiple extensions of time to complete mediation and additional discovery, which the Court granted.  (ECF Nos. 20–26.)

On July 19, 2023, Lipsky Lowe LLP moved to withdraw as counsel for Cevallos.  (ECF Nos. 29.)  The Court directed Cevallos and counsel to attend a status conference to discuss the motion. (July 21, 2023 Order.)  However, while counsel appeared before the Court on August 24, 2023 as directed, Cevallos did not.  During the status conference, the Court preliminarily granted Plaintiffs' counsel's request to withdraw as counsel for Cevallos.  (Aug. 24, 2023 Min.

Entry & Order).  In a subsequent order, the Court directed Cevallos to contact the Court if he seeks to continue the case as a *pro se* Plaintiff, and warned that if he failed to, the Court "shall recommend dismissal of the case for failure to prosecute."  (*Id.*)

On September 5, 2023, Plaintiffs' counsel filed proof of service of the Court's Order to Cevallos, which was delivered in Spanish via email, text message, and regular mail.  (ECF No. 33.)  Accordingly, the Court granted Lipsky Lowe LLP's motion to withdraw as counsel on September 5, 2023, stating "Plaintiff Cevallos's failure to respond to counsel or the Court and to participate in the prosecution of his claims make it impossible for counsel to adequately represent his interests."  (Sept. 5, 2023 Order.)  As the Court noted then, Plaintiffs' counsel has attempted to contact Cevallos regarding the motion to withdraw "eight times using all available means, including text, email, letters, and calls, but Plaintiff Cevallos has not responded."  (*Id.*)  On September 6, 2023, Plaintiffs' counsel provided proof of service of the September 5, 2023 Order to Cevallos. (ECF No. 34.)

As to the remaining Plaintiffs Morillo Cabreja and Cruz, the Court referred the parties to mediation.  (Aug. 25, 2023 Order.)  The parties reached a settlement in principle on September 25, 2023, contingent upon the dismissal of Cevallos's claims against Defendants with prejudice.  (ECF No. 37.)  Defendants subsequently filed this instant motion to dismiss on September 26, 2023.  (ECF No. 36.)

## II.    <u>DISCUSSION</u>

"If the plaintiff fails to prosecute or to comply with [the Federal] rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).  In determining whether to dismiss a case for failure to prosecute, a court must consider—

> (1) The duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interests in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." *Id.* (citing *Nita v. Conn. Dep't of Env't Prot.*, 16 F.3d 482, 485 (2d Cir. 1994)).

The circumstances of this case weigh heavily in favor of dismissal. *First*, Cevallos has not complied with the Court's orders since at least August 2023, when he failed to appear at a status conference to discuss his counsel's motion to withdraw. (*See* July 7, 2023 Scheduling Order; Aug. 24, 2023 Min. Entry & Order.) Notably, Cevallos still has not advised the Court regarding his intention to proceed in this action, despite the Court's directive to do so by September 25, 2023. (Aug. 24, 2023 Min. Entry & Order.) *Second*, Cevallos was given notice using all known means of contact by his counsel that failure to comply with the Court's orders shall result in a recommendation to dismiss the action. (*Id.*) *Third*, as Defendants correctly argue, Cevallos's failure to prosecute his claims has subjected Defendants to prejudice and hindered the resolution of this matter. (ECF No. 36 at 2; ECF No. 37.) Specifically, Defendants and the remaining Plaintiffs have already reached a settlement in principle but are unable to finalize the agreement due to Cevallos's failure to appear and participate in the case. (*Id.*) *Fourth*, Cevallos's last contact with his counsel regarding this case was February 15, 2023. (ECF No. 29.) Because Cevallos has been inactive and unreachable for over one year, the Court cannot conclude that he has any interest in being heard in this forum. *Finally*, there

4

appears to be no sanction available other than dismissal where, as here, Cevallos has failed to prosecute his claims.   For these reasons, the Court respectfully recommends dismissing Cevallos's claims with prejudice.

## III.   <u>CONCLUSION</u>

For the foregoing reasons, the Court respectfully recommends that Defendant's motion to dismiss at ECF No. 36 should be **granted** with prejudice.

A copy of this Report and Recommendation is being served on Defendants via ECF. Defendants shall serve a copy of this Report and Recommendation to *pro se* Plaintiff Cevallos (in English and Spanish) using all known means of contact and shall file proof of service by **February 20**, **2024**.

Within 14 days of service, any party may serve and file written objections to this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Any requests for an extension of time to file objections shall be directed to Judge Merchant. If a party fails to object timely to this Report and Recommendation, it waives any right to further judicial review of this decision. *See Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022).

**SO ORDERED.**

Brooklyn, New York
February 16, 2024

   /s/Marcia M. Henry
   MARCIA M. HENRY
   United States Magistrate Judge